In the Matter of the Application of WILLIAM COPELAND DODGE, District Attorney of the County of New York, Petitioner, for an Alternative Order of Prohibition against THE SUPREME COURT OF THE STATE OF NEW YORK, Honorable ARON STEUER, Individually and as Justice of the Supreme Court, JOSEPH SPEISER and FRANK WHITE, and GEORGE GORDON BATTLE, I. MAURICE WORMSER and IRVING MARIASH, Individually and as Attorneys for JOSEPH SPEISER and FRANK WHITE, Respondents.

First Department, November 27, 1936.

*William Copeland Dodge*, District Attorney [*Felix C. Benvenga*, *Assistant District Attorney, Lyon Boston* and *Bernard Botein, Deputy Assistant District Attorneys*, with him on the brief], for the motion.

*George Gordon Battle* [*I. Maurice Wormser* and *Irving Mariash* with him on the brief], opposed.

McAvoy, J. Petitioner, as district attorney, presented evidence to the additional grand jury of New York county for the September, 1936, term, indicating that the defendants Joseph Speiser and Frank White had violated the provisions of section 270-a and 270-d of the Penal Law, which prohibit the solicitation of legal business on behalf of an attorney and the employment by any attorney of a person to solicit legal business.

On September 8 and 22, 1936, the grand jury directed the petitioner to file informations in the Court of Special Sessions of the City of New York, charging these defendants with violations of sections 270-a and 270-d respectively. On September 8 and 22, 1936, these grand jury directions were presented to the judge of the Court of General Sessions of the County of New York for which the grand jury was drawn, and on those days that judge there presiding, pursuant to the provisions of section 742 of the Code of Criminal Procedure, approved the grand jury directions and ordered the petitioner to file informations in the Court of Special Sessions. These two orders are in full force and effect, and they have not been modified or vacated by him, by any judge of the Court of General Sessions, by the Supreme Court or by any justices of the Supreme Court.

Pursuant to the orders, the petitioner filed two informations in the Court of Special Sessions; the defendants Speiser and White were arraigned thereon and pleaded not guilty to the charges therein contained.

On October 28, 1936, the attorneys for the defendants moved at Special Term, Part I, before a justice of the Supreme Court, for an order "removing the trial of two informations * * * to the Court of General Sessions to be tried before that Court and a jury, and vacating and modifying the order heretofore entered herein, approving the direction of the Grand Jury that informations be filed and tried in the Court of Special Sessions."

On October 29, 1936, the justice presiding in the Supreme Court decided this motion, with full knowledge of the fact that the judge of the Court of General Sessions had made the orders above described, and wrote a memorandum to the effect that the motion was granted and that the granting of the motion was largely influenced by the fact that " the prosecution is the first under the statute involved." He directed that an order be submitted in conformity with his decision.

Proceedings have been stayed under the order of temporary prohibition then issued by this court.

The questions involved in this proceeding are as to whether the Supreme Court or a justice thereof had jurisdiction to entertain, decide and make an order upon the motion of October 28, 1936, and as to whether the remedy sought here to prohibit the proceeding is appropriate.

Prior to 1926 there was no doubt that the Court of Special Sessions of the City of New York could be divested of jurisdiction by a certificate issued pursuant to the provisions of paragraph (c) of subdivision 1 of section 31 of the Inferior Criminal Courts Act of the

City of New York, either (1) by a justice of the Supreme Court, or (2) by a judge of the Court of General Sessions of the County of New York, or a county judge where the charge should be triable in a county outside of New York county. There was then, in all cases, concurrent jurisdiction in those courts to issue certificates for transfer of the cause. Under the amendment to section 742 of the Code of Criminal Procedure in 1926, there was no change made in the statute where the information has been filed after a preliminary examination of a defendant and his holding by a magistrate, and a certificate of transfer may now, as before, in such case be issued either by a justice of the Supreme Court or by a judge of the Court of General Sessions.

Where, however, the prosecution is begun before a grand jury and the grand jury directs the district attorney to apply to the court for which the grand jury was drawn for an order approving a grand jury direction that the district attorney proceed by information, and the court makes such order approving such direction, the course to be followed to test the right to the certificate is not precisely indicated.

The grand jury is a constituent part of the court for which it is drawn. The court " inquires " by the grand jury and " tries and determines " by the petit jury.

When, therefore, the prosecution is begun before the grand jury, it is already " in " the court for which the grand jury is drawn.

The judge of the court for which the grand jury was drawn does not act ministerially. Section 742 of the Code of Criminal Procedure clearly contemplates that this approval shall be a judicial act, albeit *ex parte* in nature.

An order made pursuant to section 742 of the Code of Criminal Procedure is of equal dignity and similar character to any other order made by a judge of the Court of General Sessions in the performance of his judicial functions.

It seems to us necessarily to follow as matter of orderly procedure that all applications and motions with respect to the order of approval should be made to the judge of the court for which the grand jury was drawn, and to no other judge or court, unless some disqualification exists in such judge or other supervening reason appears. No such ground is shown in the petition or affidavits before us on the return to this alternative order. A justice of the Supreme Court, although he had jurisdiction to direct that the charge should be prosecuted by indictment, should not have entertained a motion for that relief, because, strictly speaking, he was not merely exercising an alleged function under section 31, of the Inferior Criminal Courts Act of the City of New York, to wit,

making the certificate prescribed, he was besides in effect reviewing a judicial act of a judge of the Court of General Sessions performed pursuant to the statutory authority of that judge, although such action was taken without provision for notice to defendant.

The setting aside of the judicial act of one judicial officer by another of equal rank and co-ordinate jurisdiction in criminal causes is repugnant to the orderly process and administration of the law. We do not think, however, that the situation herein is one for which an order of prohibition is the appropriate remedy, since such order may issue only where jurisdiction is lacking, or the court or judge to be prohibited from acting is exceeding a jurisdiction conferred by law. We are persuaded, however, that we should suggest to the justice below that he direct defendants to apply to the judge of the Court of General Sessions, who approved the grand jury's direction that the charge should be prosecuted by an information to be filed by the district attorney under section 742 of the Code of Criminal Procedure, so that the matter may be considered by the judge in whose court it arose and was pending, when the approval of that judge was granted. We believe on mature reflection that it will appear to the justice of the Supreme Court to whom the application was made that such a procedure is the proper course to follow.

The application for an order of prohibition should be denied as matter of law and not in the exercise of discretion and the proceeding to certify that the charge should be prosecuted by indictment is stayed as appears in the order entered hereon.

UNTERMYER and DORE, JJ., concur; MARTIN, P. J., and COHN, J., dissent.

MARTIN, P. J. (dissenting). The grand jury of New York county, on September 8, 1936, and September 22, 1936, directed the district attorney to file informations in the Court of Special Sessions of the City of New York charging Joseph Speiser and Frank White with violations of sections 270-a and 270-d of the Penal Law. These sections prohibit the solicitation of legal business on behalf of an attorney or the employment by an attorney of a person to solicit legal business. Pursuant to the provisions of section 742 of the Code of Criminal Procedure, these directions were presented to a judge of the Court of General Sessions for which court the grand jury was drawn. That judge approved the grand jury direction and ordered the petitioner to file informations in the Court of Special Sessions. In obedience thereto the district attorney filed two informations. The defendants were arraigned thereon and pleaded not guilty.

Thereafter, and on October 28, 1936, the defendants applied to a justice of the Supreme Court at Special Term, Part I, New York county, for an order directing that the charge against the defendants be prosecuted by indictment and tried before a court and jury, and vacating and modifying the order heretofore entered by the judge of the Court of General Sessions which approved the direction of the grand jury that informations be filed and the cases tried in the Court of Special Sessions.

It is stated in the moving papers that the justice then sitting in Special Term, Part I, of the Supreme Court indicated he would grant the motion. He is withholding the order thereon until the determination of the application by this court.

The defendants contend that the application for the order of prohibition should have been made before the motion was heard by the Supreme Court justice. They point out that five days' notice of their application was given to the district attorney's office; that the representatives of the district attorney appeared before the Supreme Court at Special Term and fully argued and fully briefed the application, and it is suggested that the People were thereby gambling, and that when it was indicated that they would be unsuccessful, this application was made. There is no merit to that contention. Perhaps it would have been more expedient for the district attorney to have moved immediately following receipt of notice of the application to be made before a Supreme Court justice, but in view of the fact that no order has been made, the application for an order of prohibition is timely.

The Court of Special Sessions for more than a century has had exclusive jurisdiction of misdemeanors, except where jurisdiction is divested by indictment or removal. (*People ex rel. Dembinsky* v. *Fox*, 182 App. Div. 642.) In 1910 section 31 of the Inferior Criminal Courts Act made the right to a jury trial permissive and discretionary. In so far as it is applicable here, section 31 of the Inferior Criminal Courts Act reads as follows:

" 1. The court shall have  *  *  *  exclusive jurisdiction to hear and determine all charges of misdemeanor  *  *  *. The court shall, however, be divested of jurisdiction  *  *  *

"(c) If  *  *  *  a justice of the Supreme Court  *  *  *  or, if the charge be triable in the county of New York, a judge authorized to hold a Court of General Sessions  *  *  *  shall certify that it is reasonable that such charge shall be *prosecuted by indictment.*"

At the time this change was made (in 1910), section 742 of the Code of Criminal Procedure provided: " All criminal actions in the Courts of Special Sessions in the City of New York  *  *  *  must be prosecuted by information made by the district attorney."

In 1926 section 742 was amended to read: " All criminal actions in the Courts of Special Sessions in the City of New York must be prosecuted by information made by the district attorney, on returns filed pursuant to section two hundred and twenty-one, or information filed by the district attorney in a misdemeanor case by direction of a grand jury approved, upon order, by the court for which the grand jury was drawn.

Prior to 1926 the district attorney could not file an information unless the defendant was held by a magistrate to answer pursuant to the provisions of section 221 of the Code of Criminal Procedure. Since 1926 a holding by a magistrate is no longer necessary.

Until 1926 the Court of Special Sessions could be divested of jurisdiction by certificate issued pursuant to the provisions of section 31 of the Inferior Criminal Courts Act, either by a justice of the Supreme Court or by a judge of the Court of General Sessions. The amendment of section 742 in 1926 does not make any change where the information has been filed after a preliminary examination and holding by a magistrate. It does make a change, however, with respect to the situation where the prosecution is begun before a grand jury and the grand jury directs the district attorney to apply to the court for which the grand jury was drawn for an order approving a grand jury direction that the district attorney proceed by information. The approval of such procedure by the court is necessary. The court must pass upon the application. When the prosecution is begun before a grand jury the case is already in the court for which the grand jury was drawn. The court inquires by the grand jury. When the grand jury directs the district attorney to proceed upon information the court considers whether it will *approve* or *disapprove* of that direction. This is done *ex parte*.

While the order may be *ex parte* it is, nevertheless, in accordance with the language of the statute, a judicial as distinguished from an administrative act. If the defendant feels aggrieved he may make an appropriate motion with reference to the *ex parte* order addressed either to the judge who granted the same or to the court. All applications with reference to the *ex parte* order of approval must be made to the court for which the grand jury is drawn. (*People ex rel. Hirschberg* v. *Supreme Court*, 269 N. Y. 392; *People ex rel. Newton* v. *Special Term, Part 1*, 193 App. Div. 463.) Otherwise, we would have the anomalous situation where a judge of one court could act as an appellate judge and review the discretion and judgment of a judge of equal jurisdiction and completely overrule and wholly disregard the order of that judge. There is now pending before Extraordinary Terms of the Supreme Court summoned by the Governor and before two grand juries drawn for

those terms the so-called "Dewey Investigation." If either of the Supreme Court justices designated to preside at those terms directed that charges be tried by information (if the argument of the defendants is sound), a judge of the Court of General Sessions could direct a resubmission to a grand jury and compel a prosecution by indictment, thereby overruling or vacating the Supreme Court order. The orderly administration of justice does not permit of any such conflict.

The proper use of an order of prohibition was considered by the Court of Appeals in *Matter of Culver Contracting Corp.* v. *Humphrey* (268 N. Y. 26). There the court said (p. 39): "The order of prohibition is provided for by the Civil Practice Act (§§ 1341–1355). These sections represent the codification of the common law writ of prohibition. The change is only of form and the order continues to be governed by the common law as to its nature, function and the facts governing its issuance. The remedy is an extraordinary one which lies within the discretion of the court. Although ordinarily employed to restrain a subordinate tribunal from entertaining a cause or proceeding over which it has no jurisdiction (*People ex rel. Safford* v. *Surrogate's Court*, 229 N. Y. 495; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24), it may be exercised also to enjoin a lower court from exceeding its authorized powers in a proceeding over which it has jurisdiction. (*Quimbo Appo* v. *People*, 20 N. Y. 531; *People ex rel. Jerome* v. *Court of General Sessions*, 185 N. Y. 504.) (See *People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383, at p. 393.) The writ does not issue where the grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may be readily corrected on appeal. (*People ex rel. Mayor* v. *Nichols*, 79 N. Y. 582; *People ex rel. Hummel* v. *Trial Term*, 184 N. Y. 30; *People ex rel. Livingston* v. *Wyatt, supra; People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463.) It is not available ordinarily as a method of premature appeal. Nevertheless, where the lower court is exceeding its jurisdiction and the writ or order furnishes a more effective remedy, it may be availed of although the error might be corrected by appeal."

It is clear, therefore, that an order of prohibition will issue not only for want of jurisdiction but for excess of jurisdiction as well. Excess of jurisdiction, as distinguished from the entire absence of jurisdiction, has been defined as an act, although within the general power of the judge, not authorized, and, therefore, void, with respect to the particular case, because the conditions which alone authorize the exercise of his general power in that particular case are wanting, and hence the judicial power is not in fact lawfully invoked. (15 C. J. 729; *Broom* v. *Douglass*, 175

Ala. 268; 57 So. 860; *Beckwith* v. *McAlister*, 165 S. C. 1; 162 S. E. 623.) Prohibition has been held to be the remedy to restrain one court from assuming jurisdiction of a matter over which another court having concurrent jurisdiction had assumed and was exercising jurisdiction. (*Dungan* v. *Superior Court of Fresno County*, 149 Cal. 98; 84 P. 76; *Lee* v. *Superior Court of California, etc.*, 191 Cal. 46; 214 P. 972.)

After reviewing cases involving excess of jurisdiction, the Court of Appeals, in *Quimbo Appo* v. *People* (20 N. Y. 531), said: " This shows that the writ was never governed by any narrow technical rules, but was resorted to as a convenient mode of exercising a wholesome control over inferior tribunals. The scope of this remedy ought not, I think, to be abridged, as it is far better to prevent the exercise of an unauthorized power than to be driven to the necessity of correcting the error after it is committed."

In *People* v. *Engel* (247 App. Div. 866) this court had before it an order made on a motion similar to the one made at Special Term in the case at bar. In that case an information had been filed by the district attorney pursuant to direction of a grand jury drawn for an Extraordinary Term of the Supreme Court approved by the justice designated to hold the term; the defendant moved in the Court of General Sessions for a certificate for a trial by indictment and to set aside the order of the Supreme Court justice approving the grand jury direction. The late Judge ROSALSKY denied the motion upon the ground that the court had no jurisdiction to vacate and set aside the order made by the Supreme Court justice approving the direction of the Supreme Court grand jury. This court unanimously affirmed the order of Judge ROSALSKY. That decision is authority for the proposition that the Special Term would exceed its power in granting any such order as here sought by the respondents.

In the situation at bar the justice presiding at Special Term would be warranted in acting if the prosecution had not been commenced before the grand jury in the Court of General Sessions. In addition we must not overlook the fact that there is no appeal from any such order as is sought at Special Term, and no remedy except prohibition. If that remedy is not available, then there is no method to prevent a judicial act which this court is of the unanimous opinion is not alone improper but harmful to the rights of the People and the orderly administration of the law.

The alternative order of prohibition should be made absolute.

COHN, J., concurs.

Motion denied and proceeding to certify that the charge should be prosecuted by indictment stayed as indicated in order.