THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS R. HUGHES and MILTON SPEISER, Defendants.

Court of General Sessions of County of New York, December 23, 1936.

*William Copeland Dodge, District Attorney [Lyon Boston, Assistant District Attorney, of counsel], for the plaintiff.*

*George Gordon Battle, I. Maurice Wormser* and *Irving Mariash,* for the defendants.

FRESCHI, J.  The defendants Thomas R. Hughes and Milton Speiser, both under accusation in the Court of Special Sessions of the City of New York by information filed on October 28, 1936, by the district attorney of the county of New York, pursuant to the direction of the October, 1936, grand jury, approved by this court on October 27, 1936, now seek an order " removing the trial of the Information filed in the Court of Special Sessions, New York County,  *  *  *  to the Court of General Sessions, to be tried before that Court and a Jury, and for such other and further relief as may be just and proper," notice whereof, together with a copy of their petition  was served upon the district attorney on November 24, 1936.

It appears from the petition that such information charges these defendants, Milton Speiser, who is a practicing attorney, and Thomas R. Hughes, his employee, specifically with conspiracy on or about the 17th day of June, 1936, and for a long time prior thereto, to cheat and defraud the American Lumbermen's Mutual Casualty Company of Illinois, which had theretofore issued a policy of insurance, insuring the Delivery Service, Inc., against liability to the general public, arising out of the negligent use and operation of certain of its motor vehicles; to obtain money by false pretenses; and to commit the crime of grand larceny, and of attempting fraudulently to induce a witness to give false testimony and to withhold true testimony, and to pervert and obstruct justice and the due administration of law.  The information also alleges that in furtherance of said conspiracy the defendant Milton Speiser did, on or about December 13, 1932, commence an action in the Supreme Court of the State of New York, county of New York, on behalf of one Morris Edelman against the Delivery Service, Inc., and one Gerald Ryan.

The alleged overt acts, in furtherance of said conspiracy as set forth in the information, were causing and inducing Gerald Ryan to testify in the Supreme Court action that he had taken a truck belonging to the Delivery Service, Inc., and operated it with the permission of Edward R. Dusmin; furthermore, that the defendant Hughes offered to said Edward R. Dusmin money as an inducement to him to give false testimony in such action and to sign a statement that he had not discharged Gerald Ryan from the employ of the Delivery Service, Inc., on November 27, 1932, prior to the happening of a certain accident upon that date in which Morris Edelman sustained injuries; that the defendants did request Harold Morgan, Austin J. Brownrigg and Stephan Kaposta to give false testimony upon the trial of said action, wherein the defendant Milton Speiser acted as trial counsel.

It is also alleged in the information that the defendant Milton Speiser entered into an agreement with representatives of the American Lumbermen's Casualty Company of Illinois, whereby certain transcribed testimony relating to conversations between the defendant Thomas R. Hughes and said Edward R. Dusmin should be destroyed in consideration of the payment of $2,500 by the said casualty company to the defendant Milton Speiser.

The information, in addition, alleges certain payments by the defendant Milton Speiser to the witnesses Harold Morgan, Austin J. Brownrigg and Stephan Kaposta.

Although the motion papers herein fail to indicate that the defendants are applying to vacate the original order of this court, transferring this case to the Court of Special Sessions, this application will be considered as one asking for such relief in connection with a motion for a jury trial, inasmuch as what the defendants are here asking, in effect, would necessitate first the setting aside of the order of this court, which originally sent the case to the Court of Special Sessions, and the consequent ousting of that court of its jurisdiction herein.

The grounds one to four, urged for the transfer, are those usually presented on applications of this kind, viz.: That the case presents (1) intricate questions of fact; (2) difficult questions of law; (3) property rights of the defendants; (4) important matters of general interest to the entire legal profession; (5) that conviction will be followed by disbarment proceedings with complete loss to the defendant Milton Speiser of his standing and reputation and his source of livelihood by reason of the peculiar and special circumstances of the case. (See *People* v. *Rosenberg,* 59 Misc. 342, 344.)

The four reasons first urged do not necessarily and conclusively establish a general rule to be followed in these matters; and they

do not in and of themselves in every such application constitute a valid reason for granting the relief sought here, and particularly so far as this case is concerned.

It is urged by the defendants that out of the conspiracy several other alleged related crimes arise which it is claimed were committed by this defendant Thomas R. Hughes and one Frank White, both of whom have been indicted for a violation of section 2440 of the Penal Law, for attempting fraudulently and corruptly to induce said Edward R. Dusmin to give false testimony and to withhold true testimony in the Supreme · Court action already referred to, which indictment is now pending for trial in the Court of General Sessions.

Let it be remembered that this alleged conspiracy to do all of these things, as set forth in the pending information in the Court of Special Sessions, was examined into by the October, 1936, grand jury, and then separated in the manner indicated. The district attorney, having adopted the recommendation of the grand jury to prosecute by information, instead of by indictment, in the misdemeanor (conspiracy) case with the approval of this court, it is fair to assume that the evidence warranted both the recommendation of the grand jury and the order of the court which now the defendants seek to have set aside, as a preliminary step to the resubmission of the charges therein involved to another grand jury. The granting of such application would cause unavoidable further delay, with the risk that justice might be perverted by the disappearance of witnesses and by other plausible reasons, which were assigned by the district attorney upon the argument in opposition to this motion.

The grand jury was clothed with authority to conduct the examination which constitutes the basis for the order in question. (See Code Crim. Proc. § 252); and having acted within its legal rights when it made the direction to the district attorney to prosecute the accused in the Court of Special Sessions, where misdemeanors are triable, the procedure then adopted should not be vacated or nullified except where justice makes that course imperative. The Legislature has regulated these matters of procedure and trial, and the courts must abide by them, provided that the inherent rights of the accused be protected in his constitutional prerogatives and to prevent persecution and oppression. (*People* v. *Glen*, 173 N. Y. 395.)

The People are entitled to have this charge of conspiracy tried by three justices without a jury, who have in the first instance, as a Court of Special Sessions, exclusive jurisdiction to hear and determine all charges of misdemeanors committed within the city

of New York, except charges of libel (See Inferior Criminal Courts Act, § 31, subd. 1), although it might have been the better and more practical practice in the instant case to have jointly indicted and prosecuted these defendants by indictment, where it appears, as here, that one of these defendants was indicted with another for attempted bribing of a witness, as one of the alleged overt acts mentioned in the conspiracy.

It is the opinion of the writer that the statute (Inferior Criminal Courts Act, § 31, subd. 1, ¶ [c]) which is now invoked for a certification that "it is reasonable that the said misdemeanor charged shall be prosecuted by indictment," does not, however, create a new practice and procedure permitting the institution of criminal actions in the Court of Special Sessions without a preliminary magistrate's hearing, or upon a direction by the grand jury approved by this court, that the case be prosecuted by information. (See Code Crim. Proc. §§ 222, 742. See, also, *People ex rel. N. Y. Disposal Corp.* v. *Freschi*, 173 App. Div. 189; *People* v. *Kalbfleisch Co.*, 174 id. 108.) One or the other of such conditions precedent must exist to constitute the jurisdictional basis of the Court of Special Sessions.

The wording of the statute in which this application is grounded fixes the course and determines the limit of jurisdiction; hence the court must never act thereunder unfairly; nor must it arrive "at its decision by whim or caprice, rule arbitrarily, or practically deny justice in the particular case," or otherwise abuse its discretion. In this instance we are not dealing with bias or prejudice of the judges, the convenience of witnesses or parties, prejudice of the people of the locality, suit in the wrong county, or undue influence of some parties or their attorneys. This statute ought always to be reasonably construed in order to attain the object for which it was enacted; never, to permit such a miscarriage of justice as the district attorney charges will probably take place if the present orderly procedure be interrupted and impeded by a transfer with all the incidental and necessary delays.

The statute (Inferior Criminal Courts Act, § 31) fixes as the basis for a transfer the judicial discretion of the court passing upon the application. And judicial discretion has been defined as being "the power of decision, exercised to the necessary end of awarding justice, and based upon reason and the law, but for which decision there is no special governing statute or rule." (Bowers' Judicial Discretion of Trial Courts, § 10.) This author has quoted from *State* v. *Hultz* (106 Mo. 41; 16 S. W. 940) that "Discretion may be, and is to a very great extent, regulated by usage or by principles, which courts have learned by experience will, when applied to the

great majority of cases, best promote the ends of justice, but it is still left to the courts to determine whether a case is exactly like in every color, circumstance and feature to those upon which the usage or principle is founded, or in which it has been applied."

This law is not mandatory; but the power must be exercised wisely and impartially and it should not be abused. An arbitrary refusal or granting such an order might, under certain circumstances, work an injustice. The judicial act must be in accordance with the established principles of law and in consonance with the facts in each case before there is a displacement of the trial court or judges. The act in one case must not be dependent upon some other case. At times, where cases seem alike, there may be special circumstances in one that do not govern in the other. In the administration of criminal justice changing circumstances and conditions should enter into a consideration of what is reasonable in transfer motions, even to the extent of upsetting certain precedents.

The defendant is not entitled to the granting of this motion as a matter of right. Each case must depend upon the discretion and determination of the court to which the application is made based upon clear allegations of fact and the law which must show the reasonableness for a trial by jury. There is no established rule or fixed formula, although many good and reasonable grounds have been ably outlined in other cases by the courts.

There may be a divergence in judicial views as to what constitutes reasonable grounds for transfer of the case; and it is imperative that a judge should give the fullest consideration to an application where a proper and timely application is made. He should not close his eyes, ears and mind to the reasons urged in each independent case; but at the same time applications which are made upon the eve of the trial of a cause ought to be looked upon with disfavor.

The claim of the district attorney is that this motion is made for dilatory purposes and, if granted, would work irreparable harm to the prosecution.

Questions involved in delayed applications of this kind are pertinent. Here the information was filed October 28, 1936, and the defendants joined issue by their plea on October 29, 1936. The trial was set for November 27, 1936. This motion was noticed for December 1, 1936. Courts should not in any way, even indirectly, countenance or encourage delays in criminal actions. Where the accused sees fit to withhold the making of his application almost to the day of the trial, he is entitled to little consideration; and he must be held responsible for his laches.

The motion papers establish that there are other informations pending against some of these defendants in the Court of Special Sessions of the City of New York. In the case where the defendant Milton Speiser and his law partner and brother, Joseph Speiser, impleaded with others, are jointly accused of a misdeameanor, a similar application has been made and denied by this court (Bohan, J., presiding), where the same grounds here advanced were considered. (See N. Y. L. J. Dec. 17, 1936, p. 2246.)

There can be no doubt or question that the accused can obtain a fair and impartial trial in the Court of Special Sessions where the information is at present pending; and a transfer under the conditions obtaining in this community in these times when a substantial number of attorneys and other persons are accused of violations of the penal laws relating to the practice of the law might seriously hamper instead of promote justice.

The court is not satisfied from all the facts and circumstances and the arguments and comments made upon them that it would be reasonable to set aside the order herein and all that has taken place in the Court of Special Sessions. The application is, therefore, denied, and the order staying trial heretofore entered is vacated.