THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAM HERSON, MORRIS FRIEDLANDER, JOSEPH KREISBERG, SAMUEL WEINSTEIN, MONROE BERLINER, LOUIS YUKELSON, IRVING GLASSER, LOUIS LAZAR, LOUIS GLASSER, JAMES ABISROR, SAMUEL JENKS, ADOLPH UNGER, WILLIAM SWIRNOW, SAMUEL ZIFF, SAMUEL SWIRNOW, MEYER BERSON, BENJAMIN MARKOWITZ, EDWARD GROVE, MARTIN "BUGGSEY" GOLDSTEIN and SEYMOUR MAGOON, Defendants.

County Court, Kings County, December 18, 1937.

*John J. Bennett, Jr., Attorney-General [John C. Crary* of counsel], for the plaintiff.

*William W. Kleinman* and *David F. Price,* for the defendants.

FITZGERALD, J. The motion is predicated upon an affidavit, verified December 9, 1937, the order of April 19, 1937, " and upon all the pleadings and proceedings heretofore had herein."

An examination of the proceedings heretofore had discloses the entry of the order of April 19, 1937, and the direction of the grand jury of the same date to the Attorney-General and the district attorney to prosecute by information in the Court of Special Sessions. It further appears that on July 7, 1937, a motion was made for an inspection of the minutes of the grand jury. That motion was based upon assertions of one of the defendants and his counsel that they did not believe the evidence before the grand jury was sufficient to justify an information. The motion was denied July 15, 1937, by the same judge who had made the order of April 19, 1937. (*People* v. *May,* 158 Misc. 488.)

At the same time a motion was made before the same judge for a certificate that it was reasonable that the charges then pending against the defendant in Special Sessions should be prosecuted by indictment. That motion was granted on July 15, 1937, and an order entered thereon on July 16, 1937.

Thereafter, a motion for a reargument of the motion granting the foregoing certificate was made, and upon reargument the same judge then denied the motion for the certificate aforesaid and directed the prosecution to proceed on the information theretofore filed in Special Session. That order was entered November 12, 1937.

All of the foregoing proceedings were had on the application of the defendant Herson.

On December 9, 1937, notice of the pending motion was given in behalf of six other defendants. While the foregoing proceedings were had, these defendants remained quiescent.

The motion, regularly noticed for Part I, was returnable December 14, 1937. The judge presiding in Part I disqualified himself from hearing the motion, and it has been referred to me.

The order sought to be vacated and the grand jury direction are as follows:

" The Additional Grand Jury of the County of Kings, impanelled in the County Court for the April, 1937, Term, being satisfied from the evidence presented to it that there is cause to believe that the crimes of conspiracy, violation of Section 340 of the General Business Law, violation of Article 8, Section 220 of the Labor Law, and Section 1302 of the Penal Law were committed in the County of Kings from in or about the month of April, 1935, to about the 1st day of January, 1937 should be prosecuted in the Court of Special Sessions by Information, hereby directs the Attorney General of the State of New York and District Attorney of the County of Kings to make and file an Information in the Court of Special Sessions of the City of New York, County of Kings, against the above named defendants for the said crimes.

" Dated, KINGS COUNTY *April 19, 1937*

" IRVING D. JACOBSON
" *Foreman of Grand Jury.*
" *April, 1937, Additional* **Term**

" MAX LANN
" *Secretary.*

" Approved, and so ordered
(Pursuant to Section 742
of the Code of Crim. Proc.)
this 19th day of April, 1937.

" GEORGE W. MARTIN,
" *Judge of the County Court*
*Of the County of Kings.*"

The order is sought to be vacated on two grounds:

(a) That it is a judge's order instead of a court order;

(b) That the order directing the prosecution in Special Sessions by information is a judicial rather than a ministerial function, and that the direction of the grand jury being the only matter before the court when the order was made it was insufficient as a basis for judicial action, and thus the order is null and void.

Upon argument the court suggested that, if the proceeding was a challenge of an order made by a judge rather than by the court, the matter should properly be referred to the judge by whom the order was made. As said in *Matter of Dodge* v. *Supreme Court* (249 App. Div. 103, at p. 106): " It seems to us necessarily to follow as matter of orderly procedure that all applications and motions with respect to the order of approval should be made to the judge of the court, for which the grand jury was drawn, and to no other judge or court unless some disqualification exists in such judge or other supervening reason appears."

Counsel for the defendant, however, strenuously insisted that the motion was properly before me and should be determined by me. After argument I conferred with the judge who made the original order and he expressed a desire that I retain the motion. If counsel should find that they have been " stewed in their own juice," as the saying is, the blame will be their own.

The first objection is that the order of April 19, 1937, is a judge's order, whereas it should be a court order.

The Civil Practice Act abolishes the archaic distinction between court and judge's orders. (*Matter of Rockwood & Co., Inc.,* v. *Trop,* 211 App. Div. 421, at p. 424.)

As pointed out therein, the distinction between such orders had been abolished throughout the State since 1911, except in the First Department.

Section 127 of the Civil Practice Act defines an order as follows: " A direction of a court or judge, made in an action or special proceeding, must be made in writing unless otherwise specified in the particular case. Such a direction, unless it is contained in a judgment, is an order."

Sections 128 and 129 provide that orders authorized to be made at chambers may be made by the court and that an order made by a justice out of court shall not be void because authorized to be made only by the court, except under certain peculiar circumstances.

While the foregoing provisions apply to orders in civil actions and proceedings, the practice in criminal proceedings is analogous.

Section 684 of the Code of Criminal Procedure provides: " Neither a departure from the form or mode prescribed by this Code in respect to any pleadings or proceedings, nor an error or mistake therein, renders it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice, in respect to a substantial right."

Whether the order approving the direction of the grand jury to the Attorney-General and the district attorney was made by a court order or by a judge's order is immaterial, since it neither

prejudiced the defendant nor tended to his prejudice in respect to a substantial right.

The contention of defendants in this respect is without merit.

It is urged, however, that conceding that the order is proper in form, there was nothing before the court upon which judicial action could be predicated.

Counsel in his moving affidavit states: " I have made an investigation in order to ascertain all of the facts in connection with the making of the aforesaid order. I have learned and now know that the said order was predicated solely on the direction executed by the Foreman and Secretary of the Additional Grand Jury of the County of Kings, for the April 1937, Term, and upon no other papers, affidavits, grand jury minutes or documents of any kind or character."

What investigation was made, how conducted, and what the sources of affiant's knowledge, do not appear.

The recitals in the affidavit are mere conclusions.

Section 742 of the Code of Criminal Procedure provides the circumstances under which trials of misdemeanors in the Court of Special Sessions shall be prosecuted. Such prosecutions must be by information filed by the district attorney, " on returns filed pursuant to section two hundred and twenty-one, *or information filed by the district attorney in a misdemeanor case by direction of a grand jury approved, upon order, by the court for which the grand jury was drawn.*"

There is nothing which regulates what must be submitted to the court upon which its approval may be based.

There is a presumption that the proceedings upon which the order was based are regular and legal.

Upon argument it was stated that the practice heretofore has been to present by petition or in affidavit form what the evidence before the grand jury established, and an order and affidavit upon which such order was based and produced.

If such has been the practice it has been unknown to me. If it exists it is a vicious one, since it compels the disclosure of the evidence of the grand jury in its investigation of alleged crimes. If such a practice be followed it would be an advantage to defendants to have charges against them sent to Special Sessions, as such action would make available the evidence possessed by the district attorney.

This is an application to have a judge of a criminal court review the judicial action of another member of the court.

As said in *Matter of Dodge* v. *Supreme Court* (249 App. Div. 103, at p. 107): " The setting aside of the judicial act of one judicial officer by another of equal rank and coordinate jurisdiction in

criminal cases is repugnant to the orderly process and administration of the law."

The moving affidavit states that affiant knows that the court had before it "no other papers, affidavits, grand jury minutes or documents of any kind or character," other than the direction of the grand jury. As heretofore pointed out, such assertions are mere conclusions, but it is nowhere claimed or asserted that the court had no other *information* upon which its action was predicated.

As said in *Matter of Dodge* v. *Supreme Court (supra)*, the court inquires by the grand jury. When the grand jury directs the district attorney to proceed upon information the court considers whether it will *approve* or *disapprove* of that direction. Since the grand jury is the instrument used by the court in its inquiry, there is no requirement that the court shall base its action merely upon written reports of such a body. There is no inhibition upon the court acquiring information upon which to base its approval or disapproval of the grand jury's action by consultation with any member or members thereof; and it is neither claimed, nor could it be readily established, that the court had no information when it approved the grand jury direction, other than the grand jury's direction.

Upon argument it was stated that this cause is upon the calendar of the Court of Special Sessions on December 22, 1937, to fix a date for trial. The efficiency of the administration of the criminal law demands prompt disposition of criminal causes. In view of what has transpired herein since the order of April 19, 1937, this motion smacks of a last desperate effort to delay the trial of the defendants on the information, on file in Special Sessions since last April.

In my opinion this motion must be denied (a) because of gross laches; (b) because the contention as to the form of order is without merit; (c) because there is nothing shown which would justify the judge making the order of April 19, 1937, much less another, to vacate that order.

Motion denied.