In the Matter of WILLIAM C. DODGE, as District Attorney of the County of New York, Appellant, against THE SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.

Submitted November 19, 1937; decided January 11, 1938.

*William Copeland Dodge,* District Attorney *(Felix C. Benvenga, Lyon Boston* and *Bernard Botein* of counsel), for appellant. The Supreme Court had no jurisdiction of the removal proceedings. *(People ex rel. Dembinsky* v. *Fox,* 182 App. Div. 642; *People ex rel. Bailey* v. *McCann,* 222 App. Div. 465; *People* v. *Perrin,* 170 App. Div. 375; *People* v. *Butts,* 121 App. Div. 226; *People* v. *Title G. & T. Co.,* 180 App. Div. 648; *People* v. *Levy,* 24 Misc. Rep. 469; *People* v. *Wade,* 26 Misc. Rep. 585; *People* v. *Gantz,*

41 Misc. Rep. 542; *People* v. *Rosenberg*, 59 Misc. Rep. 342; *People* v. *Porter*, 108 Misc. Rep. 100; *People* v. *Morganstern*, 134 Misc. Rep. 127; *People* v. *Horowitz*, 145 Misc. Rep. 860; *Matter of Gardiner*, 31 Misc. Rep. 364; *People* v. *Naughton*, 38 How. Pr. 430; *People* v. *Sweeney*, 213 N. Y. 37; *People ex rel. Devery* v. *Jerome*, 36 Misc. Rep. 256.) All applications and motions with respect to an *ex parte* order of approval must be made to the court for which the grand jury was drawn and to no other court. (*People ex rel. Hirschberg* v. *Supreme Court*, 269 N. Y. 392; *People* v. *Salamone*, 221 App. Div. 758; *People ex rel. Newton* v. *Special Term*, 193 App. Div. 463; *People ex rel. McGowan* v. *Warden*, 155 App. Div. 484.) The Supreme Court is without jurisdiction to vacate the order of approval. (*Kamp* v. *Kamp*, 59 N. Y. 212; *Willard* v. *Willard*, 194 App. Div. 123; *Corbin* v. *Casina Land Co.*, 26 App. Div. 408; *People* v. *National Trust Co.*, 31 Hun, 20; *People* v. *McLaughlin*, 150 N. Y. 365; *People ex rel. Newton* v. *Special Term*, 193 App. Div. 463; *People* v. *Biddison*, 136 App. Div. 525; 199 N. Y. 584; *Matter of City of New York* v. *Every*, 231 App. Div. 576; *People* v. *Rao*, 271 N. Y. 98; *Jones* v. *Jones*, 17 L. J. 170.)

*I. Maurice Wormser, George Gordon Battle* and *Irving Mariash*, in person, and for Joseph Speiser et al., respondents. The order of prohibition should not issue. The Supreme Court had power to entertain and grant the application for a jury trial. (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383; *People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463; *People ex rel. Cooley* v. *Wilder*, 234 App. Div. 256; *People ex rel. Dembinsky* v. *Fox*, 182 App. Div. 642; *People* v. *Frooks*, 190 App. Div. 378; *People* v. *Perrin*, 170 App. Div. 375; *People* v. *Warden of Bronx County Jail*, 150 Misc. Rep. 801; 239 App. Div. 891; *People of City of New York* v. *Every*, 231 App. Div. 576; *People* v. *Dillon*, 197 N. Y. 254.)

*John J. Bennett, Jr., Attorney-General,* for the Supreme Court of the State of New York et al., respondents. The motion for an order of prohibition was properly denied. (*Thomson* v. *Tracy,* 60 N. Y. 31; *Matter of Culver Contracting Corp.* v. *Humphrey,* 268 N. Y. 26.) The Supreme Court did not exceed its jurisdiction when it granted the certificate of removal. (*Smith* v. *People,* 47 N. Y. 330; *Steinhardt* v. *Baker,* 163 N. Y. 410; *People* v. *Washor,* 196 N. Y. 104; *People* v. *Humphrey,* 122 Misc. Rep. 303; *People* v. *Thorn,* 156 N. Y. 286; *Martin* v. *Dry Dock, E. B. & B. R. R. Co.,* 92 N. Y. 70; *Youngman* v. *New York Indemnity Co.,* 120 Misc. Rep. 687; *Goodell* v. *Jackson,* 20 Johns. 693; *Matter of Brown,* 21 Wend. 316; *Henavie* v. *N. Y. C. & H. R. R. R. Co.,* 154 N. Y. 278; *Taylor* v. *Mayor,* 82 N. Y. 10; *Seligman* v. *Friedlander,* 199 N. Y. 373; *Matter of Lobbett* v. *Galpin,* 228 App. Div. 65; *People ex rel. Swann* v. *Court of General Sessions,* 115 Misc. Rep. 454; *People* v. *Morganstern,* 134 Misc. Rep. 127; *People* v. *James,* 11 App. Div. 609; *People* v. *Geisman,* 149 Misc. Rep. 847; *People ex rel. Farley* v. *Crane,* 94 App. Div. 397; *People* v. *Schumann,* 146 Misc. Rep. 395; *People* v. *Horowitz,* 145 Misc. Rep. 860; *People* v. *Rosenberg,* 59 Misc. Rep. 342; *People* v. *Levy,* 24 Misc. Rep. 469; *People* v. *Butts,* 121 App. Div. 226; *People* v. *Dunne,* 140 Misc. Rep. 379.) Where it is clear that the proceedings in one court will not interfere with those in the other, prohibition will not lie. (*State* v. *District Court,* 129 Okla. 210; *Sutter County* v. *Superior Court of California,* 188 Cal. 292; *People ex rel. Swann* v. *Court of General Sessions,* 115 Misc. Rep. 454; *People ex rel. Childs* v. *Extraordinary Trial Term,* 228 N. Y. 463; *People ex rel. Mayor* v. *Nichols,* 79 N. Y. 582; *People ex rel. Nassoit* v. *Young,* 195 App. Div. 513.)

Lehman, J. In October, 1936, Joseph Speiser and Frank White, who had been named as defendants in two informations filed by the District Attorney in the Court of Special Sessions of the City of New York, served upon the

District Attorney a notice of motion, returnable at Special Term, Part I, of the Supreme Court, New York county, for an order removing the trial of the two informations to the Court of General Sessions, " to be tried before that Court and a jury, and vacating and modifying the order heretofore entered herein approving the direction of the Grand Jury that informations be filed and tried in the court of Special Sessions." The District Attorney appeared on the return day and opposed the motion. Mr. Justice STEUER, who was presiding at Part I, indicated that he would grant the motion. The District Attorney challenged the jurisdiction of the judge to grant the motion and applied to the Appellate Division for an order of prohibition.

The Inferior Criminal Courts Act of the City of New York (L. 1910, ch. 659, as amd. L. 1911, ch. 576, § 31) provides that

" The court of special sessions shall have jurisdiction as follows:

" 1. The court shall have in the first instance exclusive jurisdiction to hear and determine all charges of misdemeanor committed within the city of New York, except charges of libel. The court shall, however, be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor in either of the following cases: * * *

" (c) If, before the commencement of any such trial, a justice of the supreme court in the judicial department where the trial would be had; or, if the charge be triable in the county of New York, a judge authorized to hold a court of general sessions of the peace in and for the county of New York; or, if the charge be triable in another county, a county judge thereof shall certify that it is reasonable that such charge shall be prosecuted by indictment. * * * * "

Section 742 of the Code of Criminal Procedure, as amended by chapter 721 of the Laws of 1926, provides: " All criminal actions in the courts of special sessions

in the city of New York must be prosecuted by information made by the district attorney, on returns filed pursuant to section two hundred and twenty-one, or information filed by the district attorney in a misdemeanor case by direction of a grand jury approved, upon order, by the court for which the grand jury was drawn. * * * "

That section supplements the provisions of section 31 of the Inferior Criminal Courts Act, and together these sections provide the procedure which must be followed in the prosecution of all charges of misdemeanor except charges of libel in the Court of Special Sessions. In all cases the District Attorney must make and sign an information and file it in the Court of Special Sessions. Then the Court of Special Sessions has exclusive jurisdiction to hear and determine the charge unless its jurisdiction is divested by order made in accordance with section 31 of the Inferior Criminal Courts Act. Only where the Court of Special Sessions is divested of the exclusive jurisdiction conferred upon it in the first instance by the statute, may a charge of misdemeanor be prosecuted by indictment and tried before a court and jury.

When section 31 of the Inferior Criminal Courts Act was enacted, the District Attorney could not make and file any information except " on returns filed pursuant to section two hundred and twenty-one," i. e., after the accused had been accorded the privilege of a preliminary hearing before a magistrate. The provision in section 742 of the Code of Criminal Procedure which authorizes a prosecution in the Court of Special Sessions by " information filed by the district attorney in a misdemeanor case by direction of a grand jury approved, upon order, by the court for which the grand jury was drawn," was inserted only in 1926. In this case the District Attorney presented the charges of misdemeanor to the grand jury drawn for the Court of General Sessions. The grand jury directed that the District Attorney should

file an information in the Court of Special Sessions against the defendants. A judge of the Court of General Sessions approved the direction. The District Attorney now urges that the direction of the grand jury approved by the judge of the Court of General Sessions is a judicial determination that the charge of misdemeanor should be prosecuted by information in the Court of Special Sessions, and that in spite of the express provisions of section 31 of the Inferior Criminal Courts Act, no justice of the Supreme Court has power to divest the Court of Special Sessions of its jurisdiction. It is said that a certificate of a judge that it is reasonable that the charge be prosecuted by indictment would in effect reverse or vacate a judicial determination made in a court of coordinate jurisdiction.

Though a majority of the justices of the Appellate Division agreed that a justice of the Supreme Court had jurisdiction and power to direct that the charge should be prosecuted by indictment and the court, therefore, denied the application for an order of prohibition, the opinion states that the justice making such a certificate was " in effect reviewing a judicial act of a judge of General Sessions performed pursuant to the statutory authority of that judge." The opinion further states that the court is persuaded that we should " suggest to the justice below that he direct defendants to apply to the judge of General Sessions, who approved the grand jury's direction that the charge should be prosecuted by an information to be filed by the district attorney under section 742 so that the matter may be considered by the judge in whose court it arose and was pending, when the approval of that judge was granted." (249 App. Div. 103, 107.)

If in truth a justice of the Supreme Court who grants a certificate that it is " reasonable " that a charge should be prosecuted by indictment is in effect reviewing a " judicial act " of a judge of another court, then there is much

force in the contention of the District Attorney that the Legislature did not intend to give the justice such power. We do not find that the certificate divesting the Court of Special Sessions of jurisdiction to hear and determine a charge of misdemeanor has the effect of vacating or nullifying in whole or in part any judicial proceeding theretofore taken. The purpose of the amendment of section 742 was to permit in proper case the prosecution of a charge of misdemeanor in the Court of Special Sessions by information made without previous proceedings in the Magistrates' Court. The direction of the grand jury and the order of the Court of General Sessions approving that direction is a determination that no preliminary hearing in the Magistrates' Court need be had. The power of a grand jury under the statute is confined to giving direction to the District Attorney to *file* an information in the Court of Special Sessions. When that order is complied with, the Court of Special Sessions becomes vested with exclusive jurisdiction to hear and determine the charge of misdemeanor. The function of the direction of the grand jury approved upon order by the court is then exhausted. The jurisdiction of the Court of Special Sessions is then in all respects the same as if the information had been made on a return filed after a hearing in the Magistrates' Court. In both cases that jurisdiction may be divested in manner provided in section 31 of the Inferior Criminal Courts Act. The scope of the provision in that section conferring in the first instance exclusive jurisdiction upon the Court of Special Sessions in terms includes *all* charges of misdemeanor, and the power conferred in the same section upon judges of other courts to divest the Court of Special Sessions of that jurisdiction has the same scope.

The direction of the grand jury to file an information cannot be given effect as a determination that after the information has been filed as directed in the Court of Special Sessions, the charge must be tried in that court

and shall not be prosecuted by indictment. The statute gives the grand jury no power to make such determination. A justice of the Supreme Court who thereafter grants a certificate which divests the Court of Special Sessions of its jurisdiction does not vacate, nullify or review the direction of the grand jury previously given and approved. On the contrary, his power to grant such a certificate arises only after the Court of Special Sessions has acquired jurisdiction through the filing of the information, in accordance with the direction of the grand jury. The question which he passes upon is different from the question submitted to the judge of the Court of General Sessions and decided by that judge. Upon this appeal we do not consider whether the indicated decision of the justice of the Supreme Court will be a wise exercise of discretion; we decide only that the statute confers upon him jurisdiction to pass upon an application made by the defendant in accordance with section 31 of the Inferior Criminal Courts Act, and that he is bound to exercise that jurisdiction.

The order should be affirmed, without costs.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.