In the Matter of the Application of LEO RITTER, SIDNEY RITTER, NATHAN SARETT, LEONARD SAUNDERS and PACIFIC FINANCE CORPORATION, Petitioners, for an Order, Pursuant to Inferior Criminal Courts Act, Section 31, Subdivision 1, Paragraph (c), Vacating the Orders Heretofore Made by the Court of General Sessions on the 20th Day of June, 1939, Transferring the Actions Entitled People of the State of New York v. Leo Ritter, Sidney Ritter, Nathan Sarett, Leonard Saunders and Pacific Finance Corporation, Defendants; People of the State of New York v. Leo Ritter, Defendant; People of the State of New York v. Leo Ritter, Defendant, to the Court of Special Sessions; and for an Order Certifying That It Is Reasonable That the Charges Contained in Said Three Informations Shall Be Prosecuted by Indictment.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, September 28, 1939.

*McCauley, Spiegelberg, Davis & Gallagher* [*I. Maurice Wormser* and *Abraham N. Davis* of counsel], for the petitioners.

*John J. Bennett, Jr., Attorney-General* [*Benjamin Heffner, Colin McLennan* and *Jeremiah F. Cross, Assistant Attorneys-General,* of counsel], for the respondent.

BERNSTEIN, J.   This is an application to vacate the order of one of the judges of the Court of General Sessions approving the direction of the grand jury that informations against the petitioners be filed and tried in the Court of Special Sessions, and to certify that it is reasonable that the charges against them be prosecuted by indictment and tried in the Court of General Sessions.   It is made pursuant to the provisions of section 31 of the Inferior Criminal Courts Act, which authorize a justice of this court or, in this county, a judge of the Court of General Sessions, to divest the Court of Special Sessions of jurisdiction to hear and determine misdemeanors, whenever, in the opinion of such justice or judge, it shall be deemed reasonable to do so.

The Court of Appeals has held that the statute confers power and jurisdiction on a justice of this court to entertain and pass upon such an application, and that the granting of such a certificate does not nullify or review the direction of the grand jury previously given and approved.   (*Matter of Dodge* v. *Supreme Court,* 276 N. Y. 444, 452.)   The only question remaining is whether the granting

of a certificate in this case would be a wise and sound exercise of discretion.

The informations charge the petitioners with (1) violating section 357 of the Banking Law in charging more than six dollars per $100 on loans of $300 or less, without first obtaining a license; (2) violating section 1620-b of the Penal Law in committing perjury in the second degree, and (3) violating section 440 of the Penal Law in conducting business under an assumed name without filing the required certificate with the county clerk. All these violations are misdemeanors, and the petitioners have already been arraigned and have pleaded not guilty to the charges, and are now awaiting trial.

The grand jury acted within its legal rights when it directed the Attorney-General to prosecute the petitioners in the Court of Special Sessions where misdemeanors are triable. The learned judge of the Court of General Sessions approved the grand jury's direction. It is fair, therefore, to assume that the evidence before them warranted both the recommendation and the order. (*People v. Hughes*, 161 Misc. 405.) In such a case the orderly judicial process should not be disturbed except for reasons that will promote justice and serve the public interest.

An examination of the informations fails to disclose any intricate and complicated questions of fact or any difficult or novel questions of law.

Whether the petitioners charged more than six dollars per $100 per annum for their loans, without the license required by article 9 of the Banking Law, is a simple question of fact which may be determined as well by experienced judges as by a jury of laymen. It can probably be determined more accurately by those judges by reason of the circumstance, as stated by the Attorney-General, that the evidence to be presented on this point is almost entirely documentary. That appears to be the only question of fact in the principal information which, being based on a violation of the provisions of the Banking Law, permits of no issue of intent or good faith or reasonableness. The other informations similarly present only simple issues of fact.

Neither are the legal points involved in the principal information complex or novel. They have been passed upon by the Appellate Division in a case in which the corporate petitioner was itself a party. (*Stuback* v. *Sussman*, 8 N. Y. Supp. [2d] 141; affd., 256 App. Div. 903, 966; affd., 281 N. Y. 719.) Even though the decision has been appealed, it is at this time not only the law of the case but in accord with the pronouncement of the Court of Appeals in an earlier case. (*London Realty Co.* v. *Riordan*, 207 N. Y. 264.)

The petitioners urge the granting of the application on the further grounds that their property rights would be seriously affected in the event of their conviction and that the case presents important matters of general interest to the public. Neither of these grounds warrants here the exercise of judicial discretion in favor of the application. The petitioners may not set up their ownership of illegally acquired chattel mortgages as a shield against orderly procedure. If they have violated the Banking Law, they have no vested rights in the fruits of their violations. (*People* v. *Speiser*, 162 Misc. 9.)

As for the matter of general interest, it is manifestly of greater importance to the public that criminal prosecutions be expedited than that the defendants be convenienced. The trial of these informations in the Court of Special Sessions will have that result. The application is accordingly denied.