In the Matter of the Application of FRANK H. INNES, as District Attorney, Petitioner, against THOMAS F. COSGROVE, as County Judge of the County of Richmond, and CARL A. RICHTER, Respondents.*

Supreme Court, Richmond County, October 23, 1941.

*Frank H. Innes, District Attorney* [*Thomas K. Hall, Assistant District Attorney*, of counsel], for the petitioner.

*Thomas F. Cosgrove*, in person.

*Peter F. Gulotta* [*Abraham Shamos* and *Rudolph E. Uhlman* of counsel], for the respondent Carl A. Richter.

* Affd., 263 App. Div. 957.

NORTON, J. Heretofore the grand jury of Richmond county directed the district attorney of that county, pursuant to the provisions of section 742 of the Code of Criminal Procedure, to file an information in the Court of Special Sessions charging Carl A. Richter, one of its own members, with a violation of sections 1782 and 1783 of the Penal Law. Those sections prohibit the disclosure of specified confidential matter relating to proceedings had before the grand jury. On July 25, 1941, the grand jury direction was approved by the county judge of Richmond county. The district attorney thereupon filed the information in the Court of Special Sessions and the defendant was then arraigned and pleaded, and the case is now awaiting trial.

On September 22, 1941, defendant, on due notice to the district attorney, moved before the county judge for an order vacating the latter's approval of the grand jury's direction. The basis upon which such application was predicated was (1) that the evidence received by the grand jury was insufficient to warrant the direction that an information be filed, and (2) that, allegedly in violation of section 313 of the Code of Criminal Procedure, certain members of the Attorney-General's office were improperly before the grand jury when it received the evidence upon which the ensuing information was based. Upon the hearing of the application the district attorney appeared and made a preliminary objection upon the ground that the county judge lacked jurisdiction to entertain the motion. The latter overruled the objection and thereupon stated his intention to determine the motion upon the merits. The district attorney has in consequence brought the present application, pursuant to article 78 of the Civil Practice Act, for an order restraining the county judge on jurisdictional grounds from determining the question whether the order of approval, dated July 25, 1941, shall be vacated.

Obviously, upon the present application, this court is not called upon to consider from a factual point of view whether there exists a sufficient basis upon which to justify the county judge in vacating or in refusing to vacate his prior order approving the direction of the grand jury. The sole issue to be here determined is whether, in any event, a sufficient jurisdiction resides in the county judge to entertain the application at all.

In support of the application the district attorney substantially contends that after the grand jury's direction has been approved and the resultant information filed in the Court of Special Sessions, the power of the county judge, even to act in a proper case with respect to his own order of approval, has effectually terminated. I do not agree with that contention.

It is true that after an information, in accordance with an approved direction, has been filed in the Court of Special Sessions the latter becomes vested with exclusive jurisdiction *to hear and determine the charge itself,* unless divested of such jurisdiction in the manner provided by section 31 of the Inferior Criminal Courts Act. Unless thus divested, that prerogative includes an exclusive jurisdiction *to hear all incidental motions preliminary to trial.* A motion to vacate an order of approval, however, is not such a motion. The very basis upon which the jurisdiction of the Court of Special Sessions is here specifically predicated is contingent upon the validity of such order of approval. If the order itself be susceptible to successful challenge there can be no valid jurisdiction springing from or founded upon it. Because of the very nature of the proceeding an order of approval is obtained *ex parte* upon a *prima facie* showing. Obviously, the defendant is not entitled to be heard in opposition. Nevertheless, even though its execution may have been obtained upon an evidential defect or a procedural irregularity, the order, unless vacated upon proper motion, justifies the continued retention by the Court of Special Sessions of jurisdiction to hear and determine the charge itself. In the exercise of orderly procedure who can properly disavow an approval but the very court which originally so approved? It seems to me that the mere posing of the latter query cogently suggests the proper conclusion. Undoubtedly a conclusion to such effect constitutes the rationale upon which is predicated the majority opinion of the Appellate Division in *Matter of Dodge* v. *Sypreme Court of State of New York* (249 App. Div. 103, 106) that " * .* * all applications and motions *with respect to the order of approval* should be made to the judge of the court for which the grand jury was drawn, and to no other judge or court, unless some disqualification exists in such judge or other supervening reason appears." (Italics supplied.) The minority opinion in the *Dodge* case also agrees that the foregoing is the proper applicable procedure. It is thus stated in the opinion (p. 109): " When the grand jury directs the district attorney to proceed upon information the court considers whether it will *approve* or *disapprove* of that direction. This is done *ex parte.* .

" While the order may be *ex parte* it is, nevertheless, in accordance with the language of the statute, a judicial as distinguished from an administrative act. If the defendant feels aggrieved he may make an appropriate motion with reference to the *ex parte* order

addressed either to the judge who granted the same or to the court. All applications with reference to the *ex parte* order of approval must be made to the court for which the grand jury is drawn. (*People ex rel. Hirschberg* v. *Supreme Court,* 269 N. Y. 392; *People ex rel. Newton* v. *Special Term, Part 1,* 193 App. Div. 463.) "

The district attorney seeks to justify his contention by reference to the determination reached by the Court of Appeals in the *Dodge* case (276 N. Y. 444). Nothing contained in that opinion, however, vitiates the correctness of the identical view expressed by both the majority and minority opinions in the Appellate Division. It is true that (p. 451) the Court of Appeals states that " The power of a grand jury under the statute is confined to giving direction to the district attorney to *file* an information in the Court of Special Sessions. When that order is complied with, the Court of Special Sessions becomes vested *with exclusive jurisdiction to hear and determine the charge of misdemeanor.* The function of the direction of the grand jury approved upon order by the court is then exhausted." (Italics supplied.) The rule there enunciated, however, necessarily presupposes the validity of the order of approval which constitutes the very basis upon which is founded the exclusive jurisdiction of the court " to hear and determine the charge of misdemeanor." The decision does not negative the right of an aggrieved party to challenge the order of approval before the very forum which executed it.

Other courts have reached the same conclusion upon the proposition here involved. Thus, in *People* v. *Tumen* (161 Misc. 645), the view is expressed by Judge FRESCHI that " Should the court that approved the grand jury's direction subsequently be apprised, before the trial in the Court of Special Sessions, that error was committed in signing the order of approval, it then becomes the court's duty, as it is the right of the defendant, to have such error corrected by vacating its order of approval and to disapprove the grand jury's direction." (See, also, *People* v. *Herson,* 165 Misc. 438.)

For the reasons that I have stated above I do not think that the applicable rule as stated in the latter cases has been in any wise affected by the determination of the Court of Appeals in *Dodge* v. *Supreme Court (supra).*

I thus conclude that the county judge is vested with jurisdiction to determine the application now pending before him and, consequently, the instant application is denied.